IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Paul KARAS, Attorney at Law.

Supreme Court

*No. 81–1569–D. Filed January 12, 1982.*
(Also reported in 314 N.W.2d 319.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On August 18, 1981, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that Paul Karas, an attorney licensed to practice law in Wisconsin and who practices in Madison, was guilty of unprofessional conduct in his handling of two legal matters. It is alleged that in connection with his probate of an estate, for which he was retained in August of 1978, Karas received a private reprimand from the Board in October of 1980 for his having failed to timely close the estate. The respondent failed to respond to a Board request for a response to the grievance it had received with regard to his failure to close the estate, and after a second request, the respondent stated that he intended to close the estate by June 1, 1981. As of June 27, 1981, that estate had not been closed and the person complaining of the failure had not received any notification of action being taken by the respondent to close it. The Board alleges that such conduct constitutes neglect of a legal matter entrusted to a lawyer, in violation of SCR 20.32(3) and that his failure to cooperate with the Board constitutes a violation of SCR 21.03(4).

The complaint also alleges that in 1978 Thelma Cox retained the respondent to transfer corporate stock from her husband's name to hers. On or about February 5, 1979, Ms. Cox executed the necessary documents and was assured by the respondent that the stock she delivered to him would be transferred to her name within two weeks. In November of 1980 the respondent severed his association with the law firm by whom he had been employed at the time of his retainer by Ms. Cox, but he failed to notify Ms. Cox of that fact. Ms. Cox made repeated attempts to contact the respondent, but he failed to communicate with her concerning the legal matter. The respondent also failed to respond to Board requests for information concerning Ms. Cox's grievance. In spite of repeated demands for the return of the stock, as of June 3, 1981, the respondent had not contacted the client and had not completed the transfer of the stock, nor had he returned the certificates to her. The Board alleges that such conduct constitutes a violation of SCR 20.50(2)(d) and that his failure to make a full and fair disclosure of all facts and circumstances pertaining to the grievance upon Board request constitutes a violation of SCR 22.07(2). The totality of the respondent's conduct as to this matter, the Board alleges, constitutes neglect of a legal matter entrusted to him, in violation of SCR 20.32(3).

The court referred the matter to the Hon. W.L. Jackman as referee pursuant to SCR 21.09. The respondent filed an answer denying that he failed to expeditiously handle the necessary probate work to complete the estate and alleging that approval of the final count is awaiting the return of the certificate determining inheritance tax. The respondent further alleges that the inheritance tax return has been filed and that all interested persons have approved the final account and have waived hearing for final settlement of the estate. As to

the stock transaction, the respondent admits the allegations contained in the complaint and alleges that steps have been taken to complete the sale of the stock, which was to have been completed by September 20, 1981.

A hearing was held before the referee on September 25, 1981, and the referee filed his report with the court on October 8, 1981. In that report the referee found that as of the date of the hearing, the estate had not been closed but would likely be closed in the near future. The referee also found that the respondent had been privately reprimanded by the Board and later failed to promptly respond to a request for information from the Board regarding the closing of the estate. As to the stock transfer, the referee found that the respondent had been retained to transfer shares of stock, that in February of 1979 the client executed the necessary documents for the transfer and delivered the certificates to the respondent, that in March of 1981 she complained to the Board, that the respondent failed to respond to the Board's communications and that the certificates have since been returned to the client. The referee found that the respondent's misconduct was partially the result of confusion as a result of a change in his office location and that his misconduct is not likely to recur.

The referee concluded that the respondent violated SCR 20.32(3) and 21.03(4) in his handling of the estate and as a result of his failure to respond to the private reprimand. He also concluded that the respondent violated SCR 20.50(2)(d) and 22.07(2) in his handling of the stock transfer and as a result of his failure to respond to Board communications. The referee recommends that the respondent receive a public reprimand and that he be required to pay the costs of the disciplinary proceeding within 20 days after issuance of the reprimand.

We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that Paul Karas be publicly reprimanded for professional misconduct.

It is further ordered that Paul Karas pay to the Board of Attorneys Professional Responsibility the costs of this proceeding in the amount of $151.40 within 30 days of the date of this order.